UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PMI WATERFORD PARK, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TOMMY CARTER, and others,<br><br>    Defendants. | Case No. 24-cv-00081-NC<br><br>**ORDER TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**<br><br>Re: ECF 1 |

Before the Court is Defendants Tommy-Lee Carter and Lisa-Lorraine Willis' Notice of Removal ("Notice"). ECF 1. However, the underlying state court case appears to be an unlawful detainer action. *See id.*, Exhibit. Because such a claim does not appear to confer federal jurisdiction, the Court ORDERS Defendants to address, in writing, why this case should remain in federal court.

## I.   LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the district court where the action is pending. 28 U.S.C. § 1441. The removal statute is strictly construed against removal jurisdiction, and defendant bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Any doubt as to the court's jurisdiction in a removal case will be resolved in

1  favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th
2  Cir. 2009). If at any time before final judgment it appears that the district court lacks
3  subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

## II. DISCUSSION

The primary issue underlying Defendants' Notice is whether this Court has jurisdiction over the case. The federal removal statute "requires that a federal court have original jurisdiction over an action in order for it to be removed from a state court." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). Generally, federal jurisdiction in a removal action is based on either (1) the presence of a federal question, (2) diversity of citizenship between the parties, or (3) an express grant of statutory authority. *See Coffey v. Ripple Labs Inc.*, 333 F. Supp. 3d 952, 956 (N.D. Cal. 2018); *see also* 28 U.S.C. § 1441(a).

Here, the Court cannot discern any basis for its jurisdiction. First, Defendants do not satisfy the requirements of diversity jurisdiction because they failed to allege the citizenship of any party or the requisite amount in controversy. *See Kubler v. Gen. Motors LLC*, No. 23-cv-04325-SI, 2023 WL 7104940, at *1 (N.D. Cal. Oct. 26, 2023) ("When removal is based on diversity of citizenship, in addition to complete diversity of citizenship, an amount in controversy requirement must be met.").

Second, Defendants fail to allege the presence of a federal question justifying removal. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). This rule restricts the defendant to the four corners of the plaintiff's statement of its claim and prevents removal even in the face of anticipated federal defenses. *Id.* In this case, the only cause of action appears to be for unlawful detainer which does not arise under federal law. *JP Morgan Chase Bank, Nat. Ass'n v. Chavez*, No. 12-cv-00941 JW, 2012 WL 1142538, at *1 (N.D. Cal. Apr. 2, 2012). Moreover, Defendants' reference to Plaintiff's alleged "violation of 12

USC § 3708" fails because, as noted above, anticipated federal defenses cannot confer federal jurisdiction.

Lastly, Defendants have not alleged an express authorization by an Act of Congress. *See* 28 U.S.C. § 1441(a).

### III.   CONCLUSION

Based on the above, Defendants must address these issues in writing by February 2, 2024.  However, the Court cautions that if the matter necessitates remanding the case to state court, Defendants may be required to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

The Court informs Defendants that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases.  The Federal Pro Se Program is available by phone appointment at (408) 297-1480.  There are also online resources available on the Court's webpage.  The Pro Se Handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/ has a downloadable version of the Court's publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*.

**IT IS SO ORDERED.**

Dated:  January 9, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge