UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PMI WATERFORD PARK, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TOMMY CARTER, et al.,<br><br>Defendants. | Case No. 24-cv-00081-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND TERMINATING AS MOOT DEFENDANTS' IN FORMA PAUPERIS APPLICATION**<br><br>Re: Dkt. Nos. 2, 13 |

Pending before the Court is Plaintiff's motion to remand, Dkt. No. 13, and Defendants' in forma pauperis application, Dkt. No. 2. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion to remand, and **TERMINATES** as moot Defendants' application.

I.   **BACKGROUND**

Plaintiff PMI Waterford Park, LLC filed an unlawful detainer ("UD") action against Defendants Tommy Carter and Lisa Willis on November 3, 2023 in Santa Clara County Superior Court. Dkt. No. 1-1. On January 4, 2024, Defendants, who are proceeding pro se, removed the case to this Court, invoking federal question jurisdiction. Dkt. No. 1. On January 9, 2024, the originally assigned Magistrate Judge, the Honorable Nathanael Cousins, issued an order to show cause why the case should not be remanded to state court, observing that it did not "discern any basis for its jurisdiction." Dkt. No. 5 at 2. On February 2, 2024, Defendant Lisa Willis responded to Judge Cousins' order to show cause, explaining that the case should stay in federal court because (1) federal, COVID-era housing relief funds were allegedly mishandled by the management company, and (2) Defendants experienced "unnecessary bullying" in state court by

opposing counsel and others. Dkt. No. 12. On February 5, Plaintiff moved to remand the matter. Dkt. No. 13. While pro se Defendants did not file any opposition by or after the February 20 deadline to respond, the Court finds that the issues posed can be resolved on the existing record.

## II.  LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

For removal to be proper, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989). The removal statute is also strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. Courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Id*.; *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III.  DISCUSSION

A review of the state court complaint in this case shows that Plaintiff alleges a single claim for unlawful detainer premised solely on California law. Dkt. No. 1-1; Dkt. No. 13. And while Defendants clearly intend to invoke federal question jurisdiction in their notice of removal, they do not explain in the removal notice (or in their subsequent response to Judge Cousins' order to show cause) what federal question the case presents.[1] To the extent Defendants seek to argue that

---

[1] And while Defendants do not allege that diversity jurisdiction is a basis for removal, the Court independently analyzes the citizenship of the parties and the amount in controversy, and concludes that because the parties are both California citizens and the amount of controversy is just $10,000, 28 U.S.C. §1332 does not provide an alternate basis for the Court to exercise federal jurisdiction over this action. *See* Dkt. Nos. 13, 13-1 (Declaration of Elizabeth Escalera in Support of Motion for Order Remanding Removed Action to State Court).

the UD is defective because management did not properly apply federal housing assistance to Defendants' rent balance, it is well-settled that anticipated defenses or counterclaims cannot establish a federal question because they do not appear on the face of the well-pleaded complaint. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court...."); *see also Ajello v. Farnung*, No. 19-CV-06994-HSG, Dkt. No. 8 (N.D. Cal. Nov. 12, 2019); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF SSX, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law."). And the fact that the housing assistance at issue was apparently federally sourced does not convert this state eviction case into a federal one.

The Court finds that no federal question is present on the face of the complaint, and that it thus does not have subject matter jurisdiction over this action.

## IV.    CONCLUSION

The Court accordingly **REMANDS** the action to Santa Clara County Superior Court. Defendants' in forma pauperis application, see Dkt. No. 2, is **DENIED** as moot. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  3/4/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

3